**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LBS INNOVATIONS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 2:15-cv-219 |
| | § | |
| CANIDAE CORPORATION, DRUM | § | Jury Trial Demanded |
| WORKSHOP, INC., AND TRIÂNGULO | § | |
| PISOS E PAINÉIS LTDA, | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF LBS INNOVATIONS, LLC'S
COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff LBS Innovations, LLC ("Plaintiff" or "LBSI") files this Complaint against

Canidae Corporation ("Canidae"), Drum Workshop, Inc. ("DW Drums"), and Triangulo Pisos e

Paineis LTDA ("Triangulo") (collectively, "Defendants") and allege as follows:

**PARTIES**

1.      Plaintiff LBSI is a Texas Limited Liability Company with its principal place of

business at 815 Brazos Street, Suite 500, Austin, Texas 78701.

2.      Upon information and belief, Defendant Canidae is a corporation organized and

existing under the laws of the State of California, with its principal place of business located at

1975 Tandem Way, Norco, California 92860. Defendant may be served with process through its

registered agent Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.

3.      Upon information and belief, Defendant DW Drums is a corporation organized

and existing under the laws of the State of California, with its principal place of business located

at 3450 Lunar Court Oxnard, California 93030. Defendant may be served with process through

its registered agent John Good, 3450 Lunar Court, Oxnard, California 93030.

4.      Upon information and belief, Defendant Triangulo is a corporation organized and existing under the laws of the Country of Brazil, Panara State, in the city of Curitiba. Upon information and belief, Defendant may be served with process through its agent at 116 Jeremy Way Chesapeake, Virginia 23322.

## BACKGROUND

5.      On information and belief, Defendant Canidae engages in electronic commerce conducted on and using at least, but not limited to, the website http://www.canidae.com/.

6.      On information and belief, Defendant Canidae owns, operates, and/or directs the operation of the website http://www.canidae.com/, which has a location interface at, for example, http://www.canidae.com/company/storelocator.html.

7.      On information and belief, Defendant Canidae has tested and/or used the website      http://www.canidae.com/      and      its      location      interface      at,      for example, http://www.canidae.com/company/storelocator.html.

8.      Defendant Canidae currently provides and/or has provided website visitors ("Canidae End Users") access to its site, http://www.canidae.com/, including its location interface at, for example, http://www.canidae.com/company/storelocator.html.

9.      Defendant Canidae directs Canidae End Users to operate the location interface of its website, http://www.canidae.com/company/storelocator.html, for example, by providing links and directions to its location interface as well as instructions on its proper use and operation.

10.      On information and belief, Defendant DW Drums engages in electronic commerce      conducted      on      and      using      at      least,      but      not      limited      to,      the website http://www.dwdrums.com/.

11.     On information and belief, Defendant DW Drums owns, operates, and/or directs the operation of the website http://www.dwdrums.com/, which has a location interface at, for example, http://locator.dwdrums.com/drum/.

12.     On information and belief, Defendant DW Drums has tested and/or used the website    http://www.dwdrums.com/    and    its    location    interface    at,    for example, http://locator.dwdrums.com/drum/.

13.     Defendant DW Drums currently provides and/or has provided website visitors ("DW Drums End Users") access to its site, http://www.dwdrums.com/, including its location interface at, for example, http://locator.dwdrums.com/drum/.

14.     Defendant DW Drums directs DW Drums End Users to operate the location interface of its website, http://locator.dwdrums.com/drum/, for example, by providing links and directions to its location interface as well as instructions on its proper use and operation.

15.     On information and belief, Defendant Triangulo engages in electronic commerce conducted on and using at least, but not limited to, the website http://www.triangulo.us/.

16.     On information and belief, Defendant Triangulo owns, operates, and/or directs the operation of the website http://www.triangulo.us/, which has a location interface at, for example, http://triangulo.know-where.com/triangulo/.

17.     On information and belief, Defendant Triangulo has tested and/or used the website http://www.triangulo.us/ and its location interface at, for example, http://triangulo.know-where.com/triangulo/.

18.     Defendant Triangulo currently provides and/or has provided website visitors ("Triangulo End Users") access to its site, http://www.triangulo.us/, including its location interface at, for example, http://triangulo.know-where.com/triangulo/.

19.     Defendant Triangulo directs Triangulo End Users to operate the location interface of its website, http://triangulo.know-where.com/triangulo/, for example, by providing links and directions to its location interface as well as instructions on its proper use and operation.

## JURISDICTION AND VENUE

20.     This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

21.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

22.     Upon information and belief, each of the Defendants is subject to this Court's general and/or specific personal jurisdiction because it (a) is a resident of the State of Texas; and/or (b) has designated an agent for service of process in the State of Texas; and/or (c) is engaged in continuous and systematic activities in the State of Texas; and/or (d) has committed acts of infringement in the State of Texas as alleged below. Therefore, this Court has personal jurisdiction over each of the Defendants under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE §17.042.

23.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each of the Defendants has a regular and established place of business in this district, and/or has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

## THE PATENT-IN-SUIT

24.     On July 18, 2000, the United States Patent and Trademark Office issued United States Patent No. 6,091,956 ("the '956 Patent") entitled "Situation Information System," a true copy of which is attached as Exhibit A.

25.     LBSI is the owner by assignment of the '956 Patent and owns all right, title and interest in the '956 Patent, including the right to sue for and recover all past, present and future damages for infringement of the '956 Patent.

### CLAIM 1 -- INFRINGEMENT OF U.S. PATENT NO. 6,091,956

26.     Defendant Canidae has been and is now directly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (a), by making, using, offering to sell and/or selling, in the United States, location information computer systems and methods such as the computer implemented website http://www.canidae.com/, which has a location interface available at, for example, http://www.canidae.com/company/storelocator.html, and other related and/or similar webpages.

27.     In addition and/or in the alternative, Canidae has been and/or is now indirectly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (b), by inducing Canidae End Users to directly infringe the '956 Patent through its use of the infringing instrumentalities. Canidae induces such infringement by at least making its website available to Canidae End Users and providing links and/or other directions on its website and/or the Internet for Canidae End Users to visit, download, and/or use the infringing instrumentalities.

28.     Canidae engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity induces Canidae End Users to directly infringe the '956 Patent.

29.     Defendant DW Drums has been and is now directly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (a), by making, using, offering to sell and/or selling, in the United States, location information computer systems and methods such as the

computer implemented website http://www.dwdrums.com/, which has a location interface at, for example, http://locator.dwdrums.com/drum/, and other related and/or similar webpages.

30.    In addition and/or in the alternative, DW Drums has been and/or is now indirectly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (b), by inducing DW Drums End Users to directly infringe the '956 Patent through its use of the infringing instrumentalities. DW Drums induces such infringement by at least making its website available to DW Drums End Users and providing links and/or other directions on its website and/or the Internet for DW Drums End Users to visit, download, and/or use the infringing instrumentalities.

31.    DW Drums engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity induces DW Drums End Users to directly infringe the '956 Patent.

32.    Defendant Triangulo has been and is now directly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (a), by making, using, offering to sell and/or selling, in the United States, location information computer systems and methods such as the computer implemented website http://www.triangulo.us/, which has a location interface available at, for example http://triangulo.know-where.com/triangulo/, and other related and/or similar webpages.

33.    In addition and/or in the alternative, Triangulo has been and/or is now indirectly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (b), by inducing Triangulo End Users to directly infringe the '956 Patent through its use of the infringing instrumentalities. Triangulo induces such infringement by at least making its website available to Triangulo End Users and providing links and/or other directions on its website and/or the Internet for Triangulo End Users to visit, download, and/or use the infringing instrumentalities.

34.     Triangulo engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity induces Triangulo End Users to directly infringe the '956 Patent.

35.     Each of the above named Defendants has used and/or currently uses a business locator service provided by Know-Where Systems, Inc. ("Know-Where Systems") in connection with its respective location interface.

36.     Because of their use of the business locator service provided by Know-Where Systems in connection with their respective location interface, Defendants' actions are part of the same transaction, occurrence, or series of transactions or occurrences and there is a logical relationship between the claims asserted against the Defendants such that there is substantial evidentiary overlap in the facts giving rise to the cause of action against each Defendant.

37.     As a direct and proximate consequence of the acts and practices of each of the Defendants in infringing, directly and/or indirectly, one or more claims of the '956 Patent, LBSI has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 in an amount to be determined at trial.

38.     The limitation of damages provision of 35 U.S.C. § 287(a) is not applicable to LBSI.

## DEMAND FOR JURY TRIAL

39.     Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LBS Innovations, LLC requests entry of judgment that:

1.      Defendants have infringed the patent-in-suit;

2.      Defendants account for and pay to Plaintiff all damages caused by their respective infringement of the patent-in-suit; and

3.      Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of one or more of Defendants' patent infringement;

4.      Costs be awarded to Plaintiff; and

5.      Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: February 17, 2015

Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By:       */s/ Christopher M. Joe*
          Christopher M. Joe (Lead Counsel)
          State Bar No. 00787770
          Chris.Joe@BJCIPLaw.com
          Eric W. Buether
          State Bar No. 03316880
          Eric.Buether@BJCIPLaw.com
          Brian A. Carpenter
          State Bar No. 03840600
          Brian.Carpenter@BJCIPLaw.com
          Niky Bukovcan
          State Bar No. 24078287
          Niky.Bukovcan@BJCIPLaw.com

          1700 Pacific Avenue
          Suite 4750
          Dallas, Texas 75201
          Telephone:     (214) 466-1272
          Facsimile:     (214) 635-1828

**ATTORNEYS FOR PLAINTIFF**
**LBS INNOVATIONS, LLC**

## CERTIFICATE OF SERVICE

Pursuant to Local Rule CV-5(c), the undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 17th day of February, 2015. Any other counsel of record will be served by facsimile transmission.

          */s/ Christopher M. Joe*
          Christopher M. Joe

**PLAINTIFF LBS INNOVATIONS, LLC'S COMPLAINT FOR PATENT INFRINGEMENT**          **Page 9**